## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 37 BESEN PARKWAY, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>Defendant. | Case No.:  15-CV-9924 (PGG)(HBP)<br><br>ECF CASE |

## <u>DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF SETTLEMENT NOTICE PLAN</u>

I, Cameron R. Azari, Esq. declare as follows:

1.      My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a nationally recognized expert in the field of legal notice and I have served as an expert in dozens of federal and state cases involving class action notice plans.

3.      I am the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"); a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.  Hilsoft is a business unit of Epiq Class Action & Claims Solutions, Inc. ("Epiq").

4.      This declaration will describe the implementation of the Settlement Notice Plan ("Notice Plan" or "Plan") for the Settlement in *37 Besen Parkway, LLC v. John Hancock Life Insurance Company (U.S.A.)*, Case No. 15-CV-9924 (PGG)(HBP), in the United States District Court for the Southern District of New York.  I previously executed my "*Declaration of Cameron*

*R. Azari, on Settlement Notice Plan*," on July 19, 2018, in which I detailed Hilsoft's class action notice experience and attached Hilsoft's *curriculum vitae*. I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs.

5.     The facts in this declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Hilsoft and Epiq.

6.     On November 1, 2018, the Court approved the Notice Plan as designed by Hilsoft and appointed Epiq as the Settlement Administrator in the *Amended Order Preliminarily Approval Class Action Settlement* ("Order"). In the Order, the Court conditionally certified the following Settlement Class:

> All Owners of COI Decrease Class Policies and Rider Overcharge Class Policies.
>
> COI Decrease Class Policies means:
>
> [A]ll universal and variable universal life insurance policies issued by John Hancock Life Insurance Company (U.S.A.), or its predecessors, that state "The Applied Monthly Rates will be based on our expectations of future mortality experience."
>
> Excluded from the COI Decrease Class Policies are: (i) policies that disclose factors on which "Applied Monthly Rates will be based" other than or in addition to "expectations of future mortality experience"; and (ii) Flex V2 Policies.
>
> Rider Overcharge Class Policies are a specific list of 183 policies identified by policy number as exhibit B of the Agreement.
>
> Excluded from the Settlement Class are: a. all Owners that submit a timely and valid written request to be excluded from the Settlement Class; b. Class Counsel and their employees; c. the judge presiding over the Action and the staff and immediate family of such judicial official.

7.     The Federal Rules of Civil Procedure Rule 23 directs that the best notice practicable under the circumstances must include "individual notice to all members who can be identified through reasonable effort."[1]  The Notice Plan satisfies this requirement.  The Notice Plan provided for individual mailed notice to all Settlement Class Members who were reasonably identifiable. In my opinion, providing individual notice to the Settlement Class satisfied the requirements of due process, including its "desire to actually inform" requirement.[2]

### CAFA Notice

8.     As described in the attached *Declaration of Stephanie J. Fiereck, Esq. on Implementation of CAFA Notice,"* dated August 3, 2018 ("*Fiereck Declaration*"), on July 30, 2018, as required by the federal Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, Epiq sent a CAFA notice packet (or "CAFA Notice") to 57 federal and state officials.  The CAFA Notice was mailed by certified mail to 56 officials, including the Insurance Commissioner of each of the 50 states, the District of Columbia and the U.S. Territories.  The CAFA Notice was also sent by United Parcel Service ("UPS") to the Attorney General of the United States.  The *Fiereck Declaration* is included as **Attachment 1**.

### Individual Notice – Direct Mail

9.     On August 9, 2018, Epiq received a comprehensive file with Settlement Class Member data as reflected in Defendant's records.  The file contained names, addresses and policy information for 79,033 unique policies (some policies had more than one policy owner).  A Notice was sent to each unique policy owner name and address.  Prior to mailing Epiq performed a search

---

[1] FRCP 23(c)(2)(B).

[2] "But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . ."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950).

through LexisNexis' Deceased Database to identify deceased Settlement Class Members and if deceased, Epiq updated the Settlement Class Member's record to "Estate of [Deceased Settlement Class Member Name]".

10.    Prior to mailing, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS.[3]  Any addresses that were returned by the NCOA database as invalid were updated through a third-party address search service.  In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.  This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

11.    On December 21, 2018, Epiq sent 83,961 Class Notices via United States Postal Service ("USPS") First Class Mail.  Additionally, a Class Notice is mailed via first-class mail to all persons who request one via the toll-free telephone number.  The Class Notice can also be downloaded from the Case Website.

12.    The return address on the Class Notice is a post office box maintained by Epiq.  As of January 17, 2019, Epiq has received 11,005 undeliverable Class Notices.  Epiq is currently in the process of re-mailing Class Notices for addresses corrected through the USPS and for undeliverable Class Notices, which require additional public record research to find a new address using a third-party lookup service ("ALLFIND", maintained by LexisNexis).  Upon successfully locating better addresses, Class Notices are promptly re-mailed.  As of January 17, 2019, address updates have resulted in the re-mailing of 461 Class Notices.  Address updating and re-mailing of

---

[3] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years.  The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and known address.

undeliverable Class Notices is ongoing and will continue through the Final Approval Hearing.  A copy of the Class Notice is included as **Attachment 2**.

13.     As of January 17, 2019, Epiq has mailed Notices to 83,961 Settlement Class Members, with Notice to 10,391 unique, likely Settlement Class Members currently known to be undeliverable.  In my experience, this approximate 88% deliverable rate to identified likely Settlement Class Members meets the expected range and is indicative of the extensive address research, updating and re-mailing protocols used.

### *Case Website, Toll-free Telephone Number and Postal Mailing Address*

14.     On December 21, 2018, a dedicated website was established for the Settlement with an easy to remember domain name (www.JohnHancockCOIClassAction.com).  Settlement Class Members can obtain detailed information about the case and review documents including Class Notice, Settlement Agreement, Complaint, Preliminary Approval Order and answers to frequently asked questions (FAQs).  The Case Website address was displayed prominently on the Class Notice.

15.     As of January 17, 2019, there have been 1,305 unique visitors to the Case Website and over 9,967 website pages presented.

16.     On December 21, 2018, a toll-free telephone phone number (1-855-367-5404) was established to allow Settlement Class Members to call for additional information, listen to answers to FAQs and request that a Class Notice be mailed to them.  The toll-free telephone number is available 24-hours a day, 7-days a week.  The toll-free telephone number was displayed prominently on the Class Notice.

17.     As of January 17, 2019, the toll-free telephone number has received 236 calls representing 751 minutes of use.

18.    A post office box was also established to allow Settlement Class Members to contact the Settlement Administrator by mail with any specific requests or questions, including requests for exclusion.

### *Exclusions and Objections*

19.    The deadline for Settlement Class Members to request exclusion from the Settlement or object to the Settlement is February 4, 2019.  As of January 17, 2019, Epiq has received three requests for exclusion.  As of January 17, 2019, Epiq has received no objections to the Settlement. When the February 4, 2019, exclusion request and objection deadline passes Epiq will update the parties with the final counts for requests for exclusion and objections.

### SETTLEMENT ADMINISTRATION EXPENSES

20.    Settlement Administration Expenses include all fees, costs and expenses incurred by Epiq as the Settlement Administrator.  Settlement Administration Expenses include: data sanitation and standardization, printing and postage for mailing and re-mailing Class Notices, website and toll-free line development and maintenance, contact center service agents, handling Class Member correspondence, settlement distribution and fund management, and escheatment for non-negotiated payments.  As of January 17, 2019, $133,654.29 has been incurred for Settlement Administration services performed by Epiq.

### CONCLUSION

21.    In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by state and local rules and statutes, and further by case law pertaining to notice.  This framework directs that the notice program be designed to reach the class and, in a settlement class action notice situation such as this, that the notice or notice program itself not limit knowledge of the availability of benefits—nor the ability

to exercise other options—to class members in any way. All of these requirements were met in this case.

22. The Notice Program provided the best notice practicable under the circumstances of this case, conformed to all aspects of the Federal Rules of Civil Procedure Rule 23, and comported with the guidance for effective notice articulated in the Manual for Complex Litigation 4th.

23. The Notice Plan schedule afforded enough time to provide full and proper notice to Settlement Class Members before any opt-out and objection deadlines.

I declare under penalty of perjury that the foregoing is true and correct. Executed January 18, 2019, at Beaverton, Oregon.

Cameron Azari

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 37 BESEN PARKWAY, LLC, on behalf of itself and all others similarly situated, <br><br>            Plaintiff, <br><br>     vs. <br><br> JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), <br><br>            Defendant. | Civil Action No. 15-cv-9924 <br><br> **DECLARATION OF SERVICE** |

I, Glenn C. Bridgman, declare:

1.    I am over eighteen years of age, I am not a party to this action, and I am an employee with the law firm of Susman Godfrey L.L.P., in the Los Angeles, California office.

2.    My business address is 1900 Avenue of the Stars, Suite 1400, Los Angeles, California 90067.

3.    On January 18, 2019, I served a copy of the aforementioned document via the court's CM/ECF system upon the following:

Alan Borden Vickery
avickery@bsfllp.com
John Francis La Salle, III
jlasalle@bsfllp.com
Yotam Barkai
ybarkai@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
T: 212 446 2300
F: 212 446 2350

Joseph Fields Kroetsch
jkroetsch@bsfllp.com
Motty Shulman
mshulman@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
T: 914 749 8200
F: 914 749 8300

*Attorneys for Defendant,*
*John Hancock Life Insurance Company (U.S.A.)*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 18, 2019, at Los Angeles, California.

                        */s/ Glenn C. Bridgman*
                        Glenn C. Bridgman

1