UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 37 BESEN PARKWAY, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>Defendant. | Civil Action No. 15-cv-9924 |

## [PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT

WHEREAS, Class Plaintiff 37 Besen Parkway, LLC, ("37 Besen") for itself and on behalf of the proposed Settlement Class, entered into an agreement (the "Settlement") with Defendant John Hancock Life Insurance Company (U.S.A.) ("Defendant" or "John Hancock");

WHEREAS, on November 1, 2018, the Court entered its Order granting preliminary approval of the proposed settlement ("Preliminary Approval Order") (Dkt. 139). Among other things, the Preliminary Approval Order authorized Class Counsel to disseminate notice of the Settlement, the fairness hearing, and related matters to the Class. Notice was provided to the Class pursuant to the Preliminary Approval Order on December 21, 2018, and the Court held a fairness hearing on February 19, 2019 at 10 a.m.

WHEREAS, the Settlement Agreement requires, among other things, that all Released Claims against Released Parties be settled and compromised;

WHEREAS, this application is uncontested by Defendant; and

Having considered Class Plaintiff's Motion for Final Approval of Class Action Settlement, supporting declarations, oral argument presented at the fairness hearing, and the

1

complete records and files in this matter,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

2. The Preliminary Approval Order outlined the form and manner by which the Class Plaintiff would provide the Class with notice of the Settlement, the fairness hearing, and related matters. Proof that Notice complied with the Preliminary Approval Order has been filed with the Court. The Notice given to Class Members complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and provided due and adequate notice to the Class.

3. The Court approves, as to form and content, the initial Class Action Fairness Act ("CAFA") Notice that was served within 10 days after the filing of the Motion for Preliminary Approval of the Settlement. The Court finds that the Attorney General of the United States and the state attorneys general have received notice of the Settlement Agreement in accordance with the terms of CAFA, 28 U.S.C. § 1715(b).

4. The Settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken with the assistance of a mediator and in good faith by counsel with significant experience litigating class actions.

5. Pursuant to Federal Rule of Civil Procedure 23 and in light of the proposed Settlement, the Court certifies the following class for settlement purposes (the "Settlement Class"):

All Owners of COI Decrease Class Policies and Rider Overcharge Class Policies.

COI Decrease Class Policies means:

> all universal and variable universal life insurance policies issued by John Hancock Life Insurance Company (U.S.A.), or its predecessors, that state "The Applied Monthly Rates will be based on our expectations of future mortality experience."

Excluded from the COI Decrease Class Policies are: (i) policies that disclose factors on which "Applied Monthly Rates will be based" other than or in addition to "expectations of future mortality experience"; and (ii) Flex V2 Policies.

Rider Overcharge Class Policies are a specific list of 183 policies identified by policy number as exhibit B of the Settlement Agreement.

6. Excluded from the Settlement Class are:

   a. all Owners that submitted a timely and valid written request to be excluded from the Settlement Class, listed below;

   b. Class Counsel and their employees;

   c. the judge presiding over the Action and the staff and immediate family of such judicial official.

7. The Settlement is fully and finally approved because its terms are fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Court directs its consummation pursuant to its terms and conditions.

8. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the Settlement, and the result achieved. No objections to the Settlement or the plan of distribution were received or timely filed.

9. The six individuals and entities who timely and validly requested exclusion from the Class as identified by name and policy number in the Declaration Of Steven G. Sklaver In Support Of Reply In Support Of Plaintiff's Motion For Final Approval Of Class Action

Settlement And Class Counsel's Motion For Attorneys' Fees, Reimbursement Of Litigation Expenses, And Incentive Award, are excluded. These individuals and entities are not included in or bound by this Order, and are not entitled to any recovery from the settlement proceeds obtained through this Settlement.

10. The Court reserves continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration and enforcement of the Settlement Agreement as well as any supplemental application for reimbursement of costs or expenses incurred by Class Counsel on behalf of the Class.

11. The Settlement Fund Escrow Account established by Class Counsel, and into which Defendants deposited a total of $91,250,000 after preliminary approval, are approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

12. Neither the Settlement, nor any act performed or document executed pursuant to the Settlement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

13. The distribution plan, as described in the Motion for Final Approval of Class Action Settlement, and previously preliminary approved by the Court, is approved because it is fair, reasonable, and adequate.

14. The parties shall promptly submit a proposed final judgment consistent with the Settlement and this Order.

ENTERED this 31st day March of 2019.

_____
Paul G. Gardephe
UNITED STATES DISTRICT JUDGE